UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| daryl laray bey ex rel..Daryl Laray Johnson #123255,<br><br>             Plaintiff,<br><br>   v.<br><br>STATE OF IDAHO and L. MARK RIDDOCH,<br><br>             Defendants. | Case No. 1:21-cv-00275-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff daryl laray bey ex rel..Daryl Laray Johnson #123255 filed a Civil Rights Complaint on June 25, 2021. The Complaint was conditionally filed as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A.

Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing all claims on sovereign and judicial immunity grounds.

## REVIEW OF COMPLAINT

### 1.    Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction (IDOC). He asserts that he mistakenly filed a state habeas corpus action in the wrong county, but that Bonneville County Magistrate Judge L. Mark Riddoch did not inform him of his

mistake in open court, but stated "he didn't know" when Plaintiff asked "what was next" in his case. Dkt. 3-2, p. 5. Plaintiff attempted to appeal the decision to the Bonneville County District Court, but the appeal was dismissed because Judge Riddoch did not enter a final order in the matter. *See* Dkt. 3-2, pp. 1-4. Petitioner asserts that he appealed to the Idaho Supreme Court, resulting in issuance of an order conditionally dismissing the appeal. Here, Plaintiff sues the State of Idaho and Judge Riddoch on various federal law theories arising from the facts set forth above.

**2.      Standard of Law for Summary Dismissal**

The Court is required to review complaints filed in forma pauperis, or complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

**3.      Discussion**

**A.      *State of Idaho***

The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state without a clear waiver of sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Therefore, Plaintiff cannot proceed against the state of Idaho on a civil rights

cause of action in federal court.

### B.    Judge Riddoch

Judge Riddoch is not an appropriate defendant as to Plaintiff's claims for damages. Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his or her judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).[1]

Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988). Therefore, to determine whether an act is judicial in nature so that absolute immunity would apply, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Sparkman*, 435 U.S. at 362.

Once it is determined that a judge was acting in his or her judicial capacity, absolute immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (internal citations omitted). For example, judicial immunity is not lost by allegations that a judge conspired with one party to rule against another party: "a conspiracy between judge and prosecutor to predetermine the outcome of a judicial

---

[1] Judicial officers are also entitled to absolute immunity from claims for injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. In other words, if declaratory relief in an action is available, absolute judicial immunity bars any claims for injunctive relief in that action. *Kampfer v. Scullin*, 989 F. Supp. 194, 201 (N.D.N.Y. 1997). Plaintiff has or had relief available to him through the Idaho courts appellate review system.

proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors." *Id.* at 1078.

Here, Plaintiff complains only of actions Judge Riddoch took in the course of presiding over and deciding Plaintiff's state habeas corpus case. These are functions normally performed by judges, and Plaintiff dealt with Judge Riddoch in the judge's judicial capacity. However erroneous Plaintiff believes Judge Riddoch's handling of his case was, absolute judicial immunity still applies. Therefore, these claims are subject to dismissal. Because amendment would be futile, leave to amend will not be granted.

## ORDER

**IT IS ORDERED** that Plaintiff's Complaint is DISMISSED. The claims against the state of Idaho are DISMISSED without prejudice, and the claims against Judge L. Mark Riddoch are DISMISSED with prejudice.

DATED: September 1, 2021

David C. Nye
Chief U.S. District Court Judge